**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1874
_____

DURANT T. TISDALE,

Appellant

v.

CITY OF PHILADELPHIA; POLICE OFFICER TIMOTHY GIBSON;
POLICE OFFICER DAVID SHERWOOD

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(District Court No. 2:15-cv-05209)
District Court Judge: Honorable Wendy Beetlestone

_____

Submitted under Third Circuit LAR 34.1(a)
on February 10, 2017

Before: McKEE, RENDELL, AND FUENTES, Circuit Judges

(Opinion filed: May 1, 2017)

_____

O P I N I O N[*]

_____

**RENDELL**, Circuit Judge:

Appellant Durant T. Tisdale challenges the District Court's grant of summary judgment in favor of two Philadelphia police officers. He argues that the officers violated 42 U.S.C. § 1983 when he was arrested, and that the District Court erred in declining to find that the officers were not entitled to qualified immunity. For the reasons set forth below, we will affirm.

## I.    Background

On the evening of July 5, 2013, non-party Brenda Lee called 911 to report that she had seen a male individual – later identified as Appellant – steal a window grate from her neighbor's house and place it in a shopping cart. Philadelphia Police Officer Timothy Gibson received a radio call regarding the theft that included Lee's description of the suspect as a man wearing a black shirt and white hat. Meanwhile, Lee followed the individual in her vehicle while remaining on the phone with the 911 operator.

When the parties – Lee, Officer Gibson, and Appellant – later converged at a different location, Lee identified Appellant as the individual she had seen steal the grate. Gibson then arrested Tisdale. At the time of his arrest, Appellant did not have the grate, shopping cart, or tools; Lee did not know where these items were and the police never located them. During his deposition, Appellant testified that at the time of his arrest, he

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

was wearing a dark gray shirt and blue hat. Appellant's arrest photo shows him wearing a black shirt, which Appellant testified was his and that he changed into it at some point before having his picture taken.

In June 2015, Appellant sued the City of Philadelphia, Officer Gibson, and the detective assigned to the case, David Sherwood, raising a number of claims under 42 U.S.C. § 1983. The District Court granted summary judgment in favor of the Defendants.[1] Appellant now appeals the dismissal of his claim against the officers and puts forth two arguments: (1) the officers lacked probable cause to arrest him, and (2) the District Court erred in not determining that the officers were not subject to qualified immunity against his claims. We find that both arguments lack merit.

## II.    Discussion

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's summary judgment order is plenary. *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015). "[W]e will affirm only if, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion, we conclude that a reasonable jury could not rule for the nonmoving party." *Id.* (internal citation and quotation marks omitted).

The Fourth Amendment requires that probable cause support a warrantless arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a

---

[1] The District Court had subject matter jurisdiction over Appellant's federal claims pursuant to 28 U.S.C. § 1331. It declined to exercise supplemental jurisdiction over his state law claims.

criminal offense has been or is being committed."). "Probable cause to arrest exists when the information within the arresting officer's knowledge at the time of the arrest is sufficient to warrant a reasonable law enforcement officer to believe that an offense has been or is being committed by the person to be arrested." *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000). It is a fluid concept that requires courts to take a "common sense" approach and focus on the "totality of the circumstances." *Id.* We assess probable cause by "weighing the inculpatory evidence against any exculpatory evidence available to the officer." *Wilson v. Russo*, 212 F.3d 781, 791 (3d Cir. 2000). While not absolute, a positive identification by a witness is considered strong inculpatory evidence; exculpatory facts must be weighed against inculpatory facts, construed from the vantage point of the arresting officer, and do not necessarily undermine the existence of probable cause. *Id.*

Before applying this law, we note that Detective Sherwood was not involved in the probable cause calculation or Appellant's arrest. We therefore agree with the District Court that the § 1983 claim against him must be dismissed. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").

There is some dispute among Appellant Tisdale, Witness Lee, and Officer Gibson over the details of Appellant's clothing at the time of the arrest (black vs. dark gray shirt; white vs. blue hat). Appellant urges that Lee's "remarkably different" description of his appearance is notable because of how much time she had to observe him and that the discrepancy is ultimately fatal to the probable cause assessment. Appellant's Br. 9.

4

Appellant also emphasizes that no physical evidence was recovered from his person or the immediate scene to link him to the stolen crate.

But neither of these points is enough to defeat probable cause, and Appellant cites no authority counseling otherwise. Gibson arrested Tisdale based on both the flash description he received over the radio and Lee's positive identification. Disagreement over the precise colors of Appellant's clothing does not negate the identification by Lee in the face of Gibson's testimony indicating that it was reasonable to believe Lee was telling the truth. *See Wilson*, 212 F.3d at 791 (probable cause did not "fatally undermine the forceful positive identification" where a witness identified a robber who was four to seven inches shorter than she had initially described); *Sharrar v. Felsing*, 128 F.3d 810, 818–819 (3d Cir. 1997) (finding probable cause where the witness provided the name of her assailant in a 911 call and later identified a person with a different name). Further, we have consistently held that probable cause does not require that officers "correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." *Wright v. City of Philadelphia*, 409 F.3d 595, 603 (3d Cir. 2005); *see also Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 n.8 (3d Cir. 2000) ("[Officer] was not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed."). Nor does the missing physical evidence change our conclusion. We agree with the District Court that "[t]he location of the grate and the cart had no bearing on [the officers'] decision to arrest." App. 4.

Because Officer Gibson had probable cause to arrest Appellant, and thus did not violate Appellant's constitutional right, we find that the District Court did not err in

declining to rule on the officers' entitlement to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 243–244 (2009).

### III.    Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of the two officers.

6